# In the United States Court of Federal Claims

No. 21-568
(Filed: 20 July 2023)
NOT FOR PUBLICATION

```
*************************************
SUNREZ CORPORATION,              *
                                 *
              Plaintiff,         *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
*************************************
```

## ORDER

**HOLTE, Judge.**

On 20 January 2022, the Court issued an Opinion and Order on the government's motion to dismiss narrowing the complaint to one count: breach of the implied covenant of good faith and fair dealing. Jan. 2022 Op. & Order at 24, ECF No. 27. Following the Court's ruling, the case progressed, and the parties entered into discovery. On 13 March 2023, plaintiff moved to compel various Requests for Production, ECF No. 40. On 13 June 2023, plaintiff requested an adverse inference related to a 30(b)(6) deposition. The Court held oral argument on 27 June 2023, see Order, ECF No. 54; Transcript ("Tr."), ECF No. 57. For the following reasons, the Court finds as moot plaintiff's 13 March 2023 Motion to Compel, ECF No. 40 and 13 June 2023 Motion to Compel, ECF No. 48.

## I. The Parties' Arguments

### A. The Parties' Arguments Regarding Plaintiff's First Motion to Compel

Plaintiff seeks to compel documents associated with various Requests for Production ("RFP"): RFPs 1, 4–5, 11–14, 16–17, 19, 21–25, and 28–29.[1] *See* Mot. to Compel at 7. Plaintiff focuses on three arguments: (1) the government has not fully produced the documents requested; (2) the information requested is relevant to the claims as the Court alluded to in the July 2022 status conference; and (3) the RFPs are narrowly tailored in scope, including

---

[1] Plaintiff divided its RFPs between two documents: Request for Production, ECF No. 40-1, covering RFPs 1–18, and Supplemental Request for Production, ECF No. 40-11, covering RFPs 19–37.

timeframe, and sufficiently detailed to inform the government of what documents plaintiff seeks without being overbroad or overburdensome.  Mot. to Compel at 4–6, 11–12.

   First, plaintiff argues the government has not fully produced the documents requested.  Plaintiff argues the government has hidden "the context of the[] parallel procurement . . . [and] what makes how Sunrez was treated in comparison to these other contractors relevant, and the Government's failure to produce it improper."  Pl.'s Reply at 3, ECF No. 46.  Plaintiff points to several already produced documents to demonstrate other responsive documents exist, but the government has not yet produced.  *Id.*  For example, plaintiff cites documents showing "the Government did not perform Ring Capacity Test 1 or Ring Capacity Test 2 on the UDRI pallet as required," showing "the UDRI pallet did not pass either the static load test, or the conveyor test."  *Id.*  Plaintiff claims the documents also demonstrate uncertainty on the outcome of the salt fog test for UDRI.  *Id.*  Plaintiff asserts "the government has not produced any documentation or correspondence evidencing why these failures were not considered in its final selection, or why certain tests were omitted so as not to reveal other defects."  *Id.* at 3 n.1.  In sum, plaintiff alleges "the government refuses to produce documents or correspondence explaining these discrepancies, and instead merely stands by its position that the UDRI pallet 'satisfied the requirements' and so was selected over Sunrez's pallet, which did not contain any of the foregoing defects."  *Id.* at 3.  Further, plaintiff argues the government has "not refuted the fact that the procurement was only for a single allocation of funds, and that it confirmed to Sunrez that Sunrez was being considered for those funds, pending the results of the comparison."  Pl.'s Reply at 4.  Accordingly, plaintiff asserts withholding documents "which shows the comparison the USAF made in reaching its ultimate pallet decision . . . . is highly improper."  *Id.* at 5.

   Second, plaintiff argues its requests are relevant to the remaining claim of breach of implied duty of good faith and fair dealing.  Plaintiff cites the Court from the 14 July 2023 Status Conference as support.  Plaintiff explains the Court "noted that 'it seems to me that an essential part of good faith and fair dealing involves the way the Government was dealing with other offerors . . . [and] a scheme of how the Government essentially treated Plaintiff in relation to what was implied as good faith with the contract, but then also in comparison to others."  Mot. to Compel at 4 (citing 2022 Status Conference Transcript ("2022 SC Tr.") at 33:23–25, 36:7–19, ECF No. 37).  While the government asserts "the USAF did not compare the composite pallet prototype Sunrez submitted, the all-aluminum pallet UDRI submitted, or the legacy pallet against each other," plaintiff maintains the mere conclusion the government did not do something does not fulfill its discovery obligations.  Pl.'s Reply at 2.

   Third, plaintiff asserts its RFPs are "specific in time and scope of what is sought . . . . sufficiently detailed to allow the Government to determine the information Sunrez seeks . . . [and] narrowly tailored[, so] objections of overbreadth and vagueness cannot stand."  Mot. to Compel at 11–12.  Plaintiff requests "the Court compel the Government to produce responsive documents and written responses related to each of Sunrez's contentions . . . . and compel the Government to withdraw its objections to Sunrez's discovery requests and to complete the production of response documents."  *Id.* at 2.

   The government advances several arguments in its response.  The government asserts the documents plaintiff seeks "do not exist."  Gov't's Resp. at 1, ECF No. 45.  The government

explains the designs were never in competition so there was not documentation of a "comparative review of the pallet," and a search confirmed the absence of comparative documents. *Id.* at 2 (internal citations omitted). The government further asserts the produced documents show the failure of Sunrez's prototype and therefore the allegation of hiding documents is not supported. *Id.* at 3. The government argues plaintiff's requests (RFPs 12–13, 17, 19, 22, 24–25) are duplicative of RFP 11 (relating to any tests the government conducted on the composite 463L pallets Sunrez delivered on June 4 and July 25, 2016), for which responsive documents have already been produced. *Id.* at 3–4. Relating to RFP 16 (tests conducted by Sunrez), 14 (USAF intentions when entering into the contract), 4 (Contracting Officer's final decision), the government maintains all non-privileged responsive documents have been produced. *Id.* at 4–5.

Related to RFP 5 (communications from employees about the contract), the government objects to the term "matters relating to this matter." *Id.* at 5. The government also objects "to producing documents sent to or received from unidentified Government employees" because it is "vague and would require a search beyond what it proportionally needed for resolution of this case." Gov't's Resp. at 5–6. Nevertheless, the government states it has "searched for and produced documents sent to or from" the persons listed in the RFP "relating to communications with Sunrez and meeting required under the Work Plan; delays in testing the pallets delivered by Sunrez; and Sunrez's data rights under the Contract." *Id.* at 6.

Related to RFPs 28 and 29 (related to all pallet test results), the government objects on relevancy grounds. *Id.* The government asserts the "[p]allets manufactured under a contract two years later are simply not relevant to this case," especially because Sunrez has already conceded the government never promised a Phase III SBIR contract. *Id.* In the event the test results of all pallets were relevant, the government "object[s] on the grounds that the burden of responding to this request is not in proportion to what is needed for the resolution of this case." *Id.* at 7.

The government argues RFP 21 is irrelevant, "unduly burdensome, and not in proportion to what is needed in this case." *Id.* (cleaned up). The government reasons responding to RFP 21 would require producing over 60 years of documentation, which is not relevant, and "even if it is relevant, the burden of searching for this historical information outweighs its hypothetical value in resolving the dispute in this case." Gov't's Resp. at 7.

The government objects to "rejection of the pallets" in RFP 16 as vague because "the Air Force did not reject the composite prototype pallets," but "decided not to further pursue the composite pallet design." *Id.* at 8. Additionally, the government argues RFP 16 is "not relevant to plaintiff's remaining claim in this case" because "the government does not have a duty to certify plaintiff's pallets, either under the Contract's plain language or the SBIR statute." *Id.* (citing 20 Jan. 2022 Op. & Order at 20). In sum, the government requests the Court "deny plaintiff's motion to compel." *Id.*

**B. The Parties' Arguments Regarding Plaintiff's Request for Sanctions**

Plaintiff moves for sanctions against the government in the form of an adverse inference regarding "pallet testing issues" and an order precluding the government from rebutting

plaintiff's positions on non-Sunrez pallet testing. Pl.'s Suppl. Mot. Compel at 3, ECF No. 48. Plaintiff alleges the government "refused to produce" a Rule 30(b)(6) deponent to discuss first article testing results and procedures for UDRI's all-aluminum pallet. *Id.* at 1–2. Specifically, plaintiff alleges the government "produced Chad Smith . . . as its witness during the RCFC 30(b)(6) deposition," but Mr. Smith was "not prepared" and "had not reviewed URDI's test results." Reply Gov't's Resp. Pl.'s Suppl. at 1-2, ECF No. 55. Plaintiff characterizes Mr. Smith's testimony as "evasive and noncommittal," and alleges Mr. Smith "avoided answering questions related to . . . why the UDRI pallet still met the . . . standard." *Id.* at 2; Pl.'s Suppl. Mot. Compel at 2. Plaintiff argues the government objected to questions merely because the government "did not like the line of questioning" and therefore the government "wasted" the deposition by producing a deponent who "could not or would not answer critical questions . . . ." Reply Gov't's Resp. Pl.'s Suppl at 2. Plaintiff asserts the UDRI pallet's test results omit two of the three "ring capacity tests"—a discrepancy the government's 30(b)(6) deponent said he "can't explain." *Id.* at 2. To support its request for an adverse inference, plaintiff proffers allegedly contradicting statements: one statement confirms UDRI's testing was completed by 30 November 2017 while other evidence characterizes UDRI's pallets as "potentially operationally effective." *Id.* at 2–3 (emphasis removed). Further, while the government's 18 May 2023 letter objected to multiple deposition topics, plaintiff claims the government did not object to Sunrez's subsequent First Amended Notice of Deposition filed 1 June 2023. *Id.* at 1. Plaintiff also asserts the parties met and conferred on "multiple occasions" to resolve the deposition topic objections. *Id.* at 3.

The government points out plaintiff's "supplement" lacks a clear procedural posture as plaintiff fails to cite the Rule of the Court of Federal Claims ("RCFC") allowing supplementation. Gov't's Resp. Pl's Suppl. at 3, ECF No. 50. The government asserts this posture is grounds for striking plaintiff's Motion to Compel. *Id.* The government also alleges plaintiff violates RCFC 30(b)(6) by "refus[ing] to negotiate," failing to respond to the government's objections, and never conferring on the deposition topics. *Id.* at 1–2. The government also asserts plaintiff's deposition topics are "confusing" and "assume facts for which there is no evidence." *Id.* at 1. While the government states "in no instance did the Government instruct Mr. Smith not to answer a question," the government is willing to "negotiat[e] regarding a topic covering test results and, if necessary, present a new witness." *Id.* at 2. Regarding sanctions, the government argues plaintiff does not provide support warranting its request for an adverse inference, but merely disagreed with the government's objections and clarifications of the 30(b)(6) notice. *Id.* at 3.

## II. Applicable Law

### A. Discovery

RCFC 37(a) governs motions to compel discovery, which largely mirrors the text of the corresponding Rule in the Federal Rules of Civil Procedure ("FRCP").[2] RCFC 37(a); Fed. R. Civ. P. 37(a). Where the moving party considers the opposing party's response to a RCFC 34

---

[2] In this section, the word "Rule" is used to encompass both the FRCP and RCFC rule as the rules generally mirror each other.

request for production insufficient, RCFC 26(b)(1) governs the analysis. RCFC 26(b)(1), 34; Fed. R. Civ. P. 26(b)(1), 34. RCFC 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* To determine whether requested discovery is relevant and proportional, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If the Court determines the requested materials exceed the scope of RCFC 26(b)(1), RCFC 26(b)(2)(C)(iii) requires the Court to limit the extent of discovery. RCFC 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court also must limit the extent of discovery if the requested discovery is "unreasonably cumulative or duplicative" under RCFC 26(b)(2)(C)(i). RCFC 34(b)(1)(A) requires the requesting party to "describe with reasonable particularity" the items to be inspected. Whether a request is too vague turns "on the degree of knowledge that a movant in a particular case has about the documents it requests." 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2211 (3d ed. Supp. Apr. 2023). In making this determination, courts consider the circumstances surrounding the case, while bearing in mind Rule 34 does not require a party to have exacting knowledge of what information it requires. *Id.*

Courts determine whether the cost of production constitutes an undue burden through the relevance and proportionality considerations described in Rule 26(b)(1). RCFC 26(b)(1); Fed. R. Civ. P. 26(b)(1). In some cases, a disparate burden is acceptable: "Some cases involve what often is called 'information asymmetry.' . . . [T]hese circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so." RCFC 26(b)(1); Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Furthermore, the burden to "consider the proportionality of all discovery and consider it in resolving discovery disputes" is shared among the court and the parties. *Id.*

    **B.**    **Depositions**

RCFC 30, largely mirroring FRCP 30, governs oral depositions. Generally, parties may question deponents on any relevant matter, but Rule 30(b)(6) requires a party deposing an organization to state "with reasonable particularity the matters for examination." RCFC 30(b)(6); Fed. R. Civ. P. 30(b)(6). The responding party "must designate one or more [individuals] to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* The parties must "promptly . . . and continuing as necessary . . . confer in good faith about the number and description of the matters for examination." *Id.* By testifying on behalf of the organization, the designated individual has constructive knowledge of all matters set out by the responding party and "unlike all other depositions, [the organization has an] implicit obligation to prepare the witness." Wright & Miller, § 2103. The designated individual's deposition testimony binds the organization only within the topics specified. *Id.*

    **C.**    **Sanctions**

Rule 26(g)(3) requires the Court to impose sanctions when an attorney violates Rule 26(g)(1)(B), which requires discovery responses and objections be made consistent with existing rules and law. RCFC 26(g)(1)(B), 26(g)(3); Fed. R. Civ. P. 26(g)(1)(B), 26(g)(3). Rule 37(b)(2) also allows courts to sanction parties failing to comply with discovery orders. RCFC 37(b)(2); Fed. R. Civ. P. 37(b)(2). Rule 11(d) clarifies Rule 11(b) sanctions do not apply to discovery disputes. RCFC 11(d); Fed. R. Civ. P. 11(d). Courts generally reserve imposition of an adverse inference for extreme situations such as spoliation of evidence or failure to comply with an order compelling discovery. *See* Wright & Miller, §§ 2289, 5178. Federal Circuit caselaw allowing for the imposition of an adverse inference in response to discovery disputes exists in the context of violating court orders or contradicting prior party stipulations. *See Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1363-64 (Fed. Cir. 2017); *see also Penna v. United States*, 153 Fed. Cl. 6 (2021) (sanctioning plaintiff's counsel with an adverse inference for "failure to disclose responsive documents consistent with this court's discovery rules . . . .").

### III.     Summary of Agreements

#### A.     Plaintiff's Motion to Compel Production

At oral argument, the parties agreed on several modifications to the disputed RFPs. The Court summarizes the parties' arguments and memorializes the agreed upon modifications.

##### 1.     The Government's Objections RFPs 28 & 29 Are Irrelevant and Unduly Burdensome

The parties dispute whether RFPs 28 and 29 are relevant and proportional to the needs of the case. RFP 28 requests "all pallet test results from pallets manufactured for the USAF by Taber Extrusions, LLC, under an August 2019 contract." RFP 28. RFP 29 requests "all documents related to pallet testing from pallets manufactured for the USAF by Taber Extrusions, LLC, under an August 2019 contract." RFP 29. At oral argument, the government objected to RFPs 28 and 29 as irrelevant. Transcript ("Tr.") at 64:16–18("THE COURT: "[Government], you objected to [RFPs 28 and 29] on relevancy grounds, correct? [THE GOVERNMENT]: [T]hat's correct . . . ."). The government argued the 2019 UDRI field testing cannot be compared to the 2017 first article testing because field testing determines whether a product is fit for use in the real world, whereas first article testing only establishes whether a product meets MIL-DTL specifications. Tr. at 83:20–25 ("[THE GOVERNMENT]: The first article test doesn't test whether it's operational. It tests whether it satisfies the MIL standards. . . . The field testing is literally, as I understand it, putting it on an airplane and seeing if it's operational."). Based on its assertion UDRI's pallet did not pass 2017 first article testing, plaintiff asserted allowing UDRI to proceed to 2019 field testing shows disparate treatment between UDRI and Sunrez. Tr. at 73:22 ("[PLAINTIFF]: That's treating them differently than Sunrez."). The government asserted documents directly relating back to UDRI's 2017 first article testing have been produced under RFPs 28 and 29. Tr. at 75:20–25 ("THE COURT: So your answer to me is that if in 2019, any communication related back to 2017, that would have been produced. [THE GOVERNMENT]: Yes . . . that's responsive . . . and relevant . . . .").

The government also objected to RFP 29 as unduly burdensome as it would involve collecting "individual reports" on "the field testing [of] 500 pallets out in the real world being bounced around airplanes." Tr. at 81:21–23, 83:5–9 ("[THE GOVERNMENT]: The field testing . . . takes place . . . . all over the world."). Plaintiff pointed to a USAF article written and published by Joint Base McGuire-Dix-Lakehurst (the "JBMDL article") to assert USAF field testing personnel have ready access to test results. Reply Gov't's Resp. Pl.'s Suppl., Ex. 1 at 4–5. The JBMDL article identifies specific USAF team members responsible for "collect[ing] performance data . . . from all participating bases worldwide to further assess the suitability of the replacement pallets." *Id.* at 4. The parties agreed to narrow RFPs 28 and 29 to include the final report referred to in the JBMDL article alongside any meeting minutes and presentation materials used in presenting the contents of the final report. *Id.* at 5 ("Upon completion of data collection and analysis, AMCTES will provide a final report to HQ AMC/TE . . . ."); Tr. at 85:6–20 ("THE COURT: [C]an you reword your RFPs to focus on the language from the article in order to show a summary of data collection and analysis? [PLAINTIFF]: I think we can narrow it . . . [the JBMDL Article] said they will provide a final report to [HQ] AMC/TE . . . . THE COURT: [Government], would narrowing 28 and 29 to focus on those be sufficient? [THE GOVERNMENT]: [T]hat would be a fair compromise."). As the parties reached agreement on amendments, the Court finds plaintiff's Motion to Compel moot regarding RFPs 28 and 29. *Id.*

### 2. The Government's Objections to RFP 21 as Vague and Unduly Burdensome

The parties dispute whether RFP 21 is vague and whether it is proportional to the needs of the case. RFP 21 requests "all documents, including, but not limited to, memoranda, policies, studies, findings, or reports regarding the use, disuse, quality, or construction of the 463L pallet." RFP 21.

At oral argument, the government objected to RFP 21 as vague and unduly burdensome because the word "use" would encompass every act of shipping conducted throughout the USAF for last 60 years. Tr. at 90:3–5 ("THE COURT: So every bill of lading would be included? [THE GOVERNMENT]: [E]xactly."). Plaintiff offered to limit RFP 21 to documents created on or after 23 September 2015 and to replace the word "use" with "procurement." Tr. at 88:19–20 ("THE COURT: So September 23rd, 2015? [PLAINTIFF]: Yes."), 90:19–21 ("THE COURT: So how can we get rid of the language "every use of the pallet," because that would include every shipping that ever occurred? [PLAINTIFF]: Every procurement?"). The government agreed to these modifications. Tr. at 87:10–11 ("[THE GOVERNMENT: [A] time limitation would make it less burdensome."), 91:5–8 ("THE COURT: So procurement, that sounds more limited right, [government]? [THE GOVERNMENT]: Yeah, that's definitely more limited."). The Court memorializes the parties' agreement RFP 21 as follows in relevant part: "Produce all documents, including, but not limited to, memoranda, policies, studies, findings, or reports regarding procurement of the 463L pallet. This request is limited to documents created on or after 23 September 2015." *See* Tr. at 86:19–91:16. With the parties' agreement on an amendment to RFP 21, the Court finds plaintiff's Motion to Compel moot in regard to RFP 21. *Id.*

### 3. The Government's Objections to RFPs 22, 23, 24, and 25

The parties dispute the following: (1) whether RFPs 22, 23, 24, and 25 are relevant; (2) whether RFP 23 is vague; and (3) whether RFPs 22, 24, and 25 are duplicative of RFP 11.  RFPs 22–25 generally request documents and communications regarding the first article testing conducted on Sunrez's pallets.  Specifically, RFPs 22 and 23 request communications between the government personnel and ATTLA personnel regarding first article testing performed on Sunrez's pallets and the "rejection" of Sunrez's pallets; RFPs 24 and 25 request documents regarding and communications to and from ATTLA and Air Mobility Command regarding first article testing performed on Sunrez's pallets.[3]

At oral argument, the government argued RFPs 22–25 are duplicative of RFP 11 and all documents responsive to RFP 11 have been produced.[4]  Tr. at 92:2–19 ("THE COURT:  [I]f the ATTLA certification is . . . the yardstick that Plaintiff and UDRI pallets are measured up to, is that not inherently part of good faith and fair dealing? [THE GOVERNMENT]:  Well, I see Your Honor's point . . . we said 'Defendant also objects to this request on the grounds that it is duplicative of Request Number 11.' . . . Request 11 calls for everything to do with the testing. . . .  So we think this has all been produced under Request 11 anyway.").[5]  Plaintiff claimed not all documents have been produced, asserting plaintiff had not received any documents containing communications with ATTLA personnel.  Tr. at 93:22–25 ("[PLAINTIFF]:  [W]e have some meeting minutes . . . that talk about ATTLA and that they're present at the meetings and the ongoing testing, but we don't have the communications with them.").  As the government confirmed production of the requested documents, the Court notes plaintiff is free to depose individuals from ATTLA on the existence of additional discoverable communications and documents related to first material testing performed on Sunrez's pallets, if necessary.  Tr. at 95:12–15 ("THE COURT:  [Y]ou can depose people and ask them about these things.  Is that right, [government]? [THE GOVERNMENT]:  That's correct, Your Honor, yes.").  Based on the government's confirmations, the Court finds plaintiff's Motion to Compel moot in regards to RFP 22–25.  See Tr. at 91:17–98:21.

### 4. The Government's Contention It Has Produced All Documents Responsive to RFPs 4, 5, 14, and 16

---

[3] RFP 22 states, "Produce all communications, including, but not limited to, e-mails sent or received by Government personnel and Air Transportability Test Loading Activity ("ATTLA") personnel, relating to article testing performed on the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016.").  RFP 23 states, "Produce all communications, including, but not limited to, e-mails sent or received by Government personnel and ATTLA personnel, relating to the Government's rejection of the pallets delivered by Sunrez on 4 June 2016 and 25 July 2016."  RFP 24 states, "Produce all documents, including, but not limited to, memoranda, notes, and meeting minutes received from or sent to ATTLA and Air Mobility Command ("AMC") relating to article testing performed on the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016."  RFP 25 states, "Produce all communications, including, but not limited to, e-mails received from or sent to ATTLA and AMC personnel relating to article testing performed on the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016."

[4] Prior to oral argument, the government did not object to RFP 23 as duplicative of RFP 11.  Mot. to Compel, Ex. 13 at 6.  Notwithstanding, the objection is implied in the government's contention all communications regarding ATTLA testing on Sunrez's pallet have "been produced under Request 11 . . . ."  Tr. at 92:18–19.

[5] At oral argument, the government disclosed it is preparing to produce additional photographs responsive to RFP 11.  Tr. at 98:3–9 ("[THE GOVERNMENT]:  [I]n full disclosure we did find some additional documents related to the testing that we're preparing to produce. . . .  They are just some photographs that didn't make it into the report.").

The parties dispute whether the government has produced all documents responsive to RFPs 4, 5, 14, and 16. RFP 4 requests "any and all documents, meeting minutes, notes, or communications relating to the Claim, including all interim and final [contracting officer] decisions." RFP 4. RFP 5 requests "any and all communications regarding any issues, claims, defenses, or matters relating to this matter . . . from and/or to . . . [any employee] who has direct knowledge of this matter . . . ." RFP 5. RFP 14 requests "any and all documents, meeting minutes, notes, or communications relating to the Government's intentions when it entered into the Contracts." RFP 14. RFP 16 requests "any and all documents, meeting minutes, notes, or communications relating to the Ring Capacity 3 Test conducted by Sunrez." RFP 16.

At oral argument, the government asserted it has produced all documents responsive to RFPs 4, 5, 14, and 16, notwithstanding the government's other objections. Tr. 100:7–12 ("THE COURT: [I]t sounds like you object, but . . . you have produced these? [THE GOVERNMENT]: That's correct . . . . We object, but . . . notwithstanding these objections, we'[ve] produce[d] [all] responsive documents . . . ."). Plaintiff was concerned the government was inappropriately asserting work product privilege over communications the contracting officer conducted in deciding Sunrez's initial claim against the government—an assertion proscribed in *Northrop Grumman Corp. v. United States*, 80 Fed. Cl. 651, 656 (2008). Tr. at 101:23–25 ("[PLAINTIFF]: [W]e've cited *Northrop Grumman* . . . my concern [is] that they [are] . . . asserting privilege over the communications."). The parties agreed the government's production of its privilege log at the close of discovery will resolveplaintiff's concerns regarding inappropriate assertion of privilege. Tr. at 104:6–105:3 ("THE COURT: The privilege log would clarify the answers to that . . . ? [THE GOVERNMENT]: [Y]es . . . it will show what documents we're asserting privilege over. THE COURT: Anything else on these, [plaintiff]? [PLAINTIFF]: [J]ust to make sure that the privilege log is specific about who the communication was between and what type of information it was . . . . THE COURT: Well . . . the privilege log would have to satisfy the rules. . . . [Government], do you anticipate satisfying the Court rules? [THE GOVERNMENT]: I do . . . . THE COURT: We appreciate that. Anything else, [plaintiff]? [PLAINTIFF]: No . . . ."); RCFC 26(b)(5)(A)(ii). Based on agreement at oral argument, the Court finds plaintiff's Motion to Compel regarding RFPs 4, 5, 14, and 16 moot. *See* Tr. at 100:4–105:3.

### 5. Whether RFPs 1, 12, 13, 17, and 19 Are Duplicative of RFP 11

The government asserts RFPs 1, 12, 13, 17, and 19 are duplicative of RFP 11. RFP 11 requests "any and all documents, reports, results, notes, research, or communication relating to any tests the Government conducted on the prototype composite 463L pallets that Sunrez delivered to it on June 4, 2016 and July 25, 2016." RFP 11. The Court examines each RFP in turn along with the parties' arguments regarding, among other things, whether RFPs 1, 12, 13, 17, and 19 are duplicative of RFP 11.

#### i. RFP 1

Plaintiff seeks to compel additional discovery under RFP 1, which requests "any and all communications or documents regarding any issues, claims, defenses, or matters relating to the Contracts from 1 March 2013 to present." RFP 1. In its prehearing correspondence with

plaintiff, the government objected to RFP 1 based on relevance and proportionality but stated it would "produce all non-privileged documents" responsive to RFP 1.  Mot. to Compel, Ex. 3 at 5.  In its response to plaintiff's Motion to Compel, the government asserted documents produced under RFP 11 "may also be responsive to [RFP] 1."  Gov't's Resp. at 3.  While plaintiff's Motion to Compel alleges the government's production under RFP 1 is deficient because it does not include "complete testing documents" and associated "internal communications," the alleged deficiencies appear duplicative of the deficiencies alleged in RFPs 22–25, discussed elsewhere.  Mot. to Compel at 7.  As discussed *supra* in RFPs 22–25, the parties agreed plaintiff may choose to depose additional witnesses should plaintiff suspect production is incomplete.[6]  *See* Tr. at 91:17–95:15.  Accordingly, the Court finds plaintiffs Motion to Compel moot in regard to RFP 1.  Tr. at 95:12–15.

          ii.        RFP 12

The parties dispute whether RFP 12 is vague, whether it is irrelevant, and whether it is duplicative of RFP 11.  RFP 12 requests "any and all documents, reports, results, notes, research, or communications relating to the testing requirements the government required for the prototype composite 463L pallets under the Contracts."  RFP 12.  In its prehearing response to plaintiff's first set of RFPs, the government objected to RFP 12 as vague and did not expressly agree to produce responsive documents subject to the objection.  Mot. to Compel, Ex. 3 at 8.  At oral argument, the government objected to RFP 12 as vague and duplicative of RFP 11.  Tr. at 109:15 ("[THE GOVERNMENT]:  [W]e objected to vagueness . . . ."), 110:22 [THE GOVERNMENT]: [RFP 12] seems to also fall into RFP 11 . . . .").

    At oral argument, plaintiff explained RFP 11 regards which tests were conducted, while RFP 12 goes to the rationale behind conducting certain tests.  Tr. at 107:23–25 ("THE COURT:  11 is 'tests conducted'; 12 is 'why conduct certain tests'?  [PLAINTIFF]:  "That's right . . . .").  Provided this clarification, the government stated, "I see why [RFP] 12 is slightly different from 11. . . . [I]t's relevant."  Tr. at 111:8–13.  Having contrasted the scope of RFP 12 from RFP 11, the parties agreed the government will ensure documents responsive to RFP 12 are properly produced, if not already; as such, the Court finds plaintiff's Motion to Compel moot in regard to RFP 12.  Tr. at 109:17–22 ("THE COURT:  Then you have produced it or you will produce it?  [THE GOVERNMENT]:  It might be under [RFP] 11, but let me check to make sure.").

          iii.       RFP 13

The government objects to RFP 13 as duplicative of RFP 11.  RFP 13 requests "any and all documents, reports, results, notes, research, or communications related to the testing the government actually conducted on the prototype composite 463L pallets Sunrez delivered to it on 4 June 2016 and 25 July 2016."  RFP 13.  At oral argument, the government asserted the phrase "'related to the testing,' seems to be exactly the same as 11."  Tr. at 109:6–7.  To the extent RFP 13 is duplicative of RFP 11, the government asserts it has already produced responsive documents.  Tr. at 97:24–25 ("[THE GOVERNMENT]:  We have no objection to [RFP] 11.").  If plaintiff suspects documents are missing, plaintiff is free to depose additional

---

[6] As the Court has found plaintiff's Motion to Compel production under RFP 1 moot, the Court need not address the government's additional objections regarding relevance and proportionality.  Mot. to Compel, Ex. 3 at 4.

witnesses to determine the completeness of the government's production.  *See* Tr. at 95:1–15.  The Court finds plaintiff's Motion to Compel moot in regard to RFP 13.  *See* Tr. at 107:22–113:25.

        **iv**.  **RFP 17**

    The parties dispute whether RFP 17 is duplicative of RFP 11.  RFP 17 requests "any and all documents, meeting minutes, notes, or communications relating to the Ring Capacity 3 Test conducted or relied upon by the Government."  RFP 17.  At oral argument, the government asserted all documents responsive to RFP 17 have been produced under RFP 11.  Tr. at 111:18 ("[THE GOVERNMENT]:  [RFP] 17 . . . [is] within [RFP] 11.").  Plaintiff argued the government's responses to RFP 17 are incomplete because the government limited its production to exclude ring capacity tests conducted on UDRI pallets.  Tr. 111:22–112:6 ("[PLAINTIFF]: [RFP] 17 is not limited . . . . to just tests conducted on Sunrez's pallet. . . . [RFP 17 includes] the competing pallets. [The government] limited it that way . . . in its answers, which is why I objected . . . .").  The government clarified it did produce all UDRI test results after the July 2022 status conference.  Tr. at 112:8–9 ("[THE GOVERNMENT]:  "I'm sorry, Your Honor. [T]his was prior to our status conference in July . . . [we then] produced all of the UDRI tests.").  The government agreed to check whether it has produced "all of the test results for UDRI."  Tr. at 112:20–22.  The Court finds plaintiff's Motion to Compel moot regarding RFP 17.  *See* Tr. at 111:20–113:18.

        **v**.  **RFP 19**

    The parties dispute whether RFP 19 is duplicative of RFP 11 and whether RFP 19 is vague.  RFP 19 requests "all results, including but not limited to, interim, preliminary, and final test results, of article testing performed on pallets delivered by Sunrez on June 4, 2016 and July 25, 2016."  RFP 19.  In prehearing correspondence, the government objected to RFP 19 as vague and duplicative of RFP 11.  Mot. to Compel, Ex. 13 at 4.  At oral argument, plaintiff clarified the purpose of RFP 19 is to determine whether the government conducted additional testing on Sunrez's pallets after Sunrez conducted in-house testing on its pallets in response to the first article test results.  Tr. at 113:2–5 ("[PLAINTIFF]:  RFP 19 was just seeking confirmation the Government didn't conduct any further testing on the composite pallet at any time after Sunrez conducted its own test.").  The government replied it is "not aware of any tests [conducted] after the contract ended" and further asserted any such tests "would fall under RFP 11."  Tr. at 113:6–14.

    To the extent RFP 19 is duplicative of RFP 11, the parties agree the government has already produced responsive documents under RFP 11.  *See* Tr. at 111:14–113:25.  Should plaintiff doubt the completeness of the government's production, it is free to depose additional government witnesses on this topic.  *See* Tr. at 95:12–15; RCFC 30(b)(6).  As the parties agree the government has produced responsive documents under RFP 11, the Court need not address the government's additional objection to RFP 19 as unreasonably vague.  *See* Tr. at 111:14–113:25.  The Court finds plaintiff's Motion to Compel moot regarding RFP 19.  *See id.*

    **B.**  **Confidentiality Concerns**

In the July 2022 status conference, the parties expressed concerns with confidentiality. 2022 SC Tr. at 30:14–16 ("[THE GOVERNMENT]: [T]his is proprietary information from a different company."). At oral argument, the government agreed the Court's current protective order is sufficient to allay any potential confidentiality concerns. Tr. 114:22–115:4 ("THE COURT: [T]he current confidentiality restrictions are sufficient? . . . [THE GOVERNMENT]: Correct . . . .").

### C.  Deposition Issues and Plaintiff's Request for Sanctions

RCFC 30(b)(6) requires parties to confer in good faith regarding deposition topics to avoid exactly these kinds of oversights and mutual misunderstandings. At oral argument, plaintiff agreed the parties did not properly confer prior to deposition but argued sanctions are still warranted. Plaintiff agreed its 1 June 2023 Amended Notice of Deposition did not amend or eliminate any deposition topics in direct response to the government's objections laid out in its 18 May 2023 letter. Tr. at 117:1–14 ("THE COURT: And then you amended . . . the notice on 1 June? [PLAINTIFF]: Yes, Your Honor. THE COURT: [W]hat was the difference between the original and the amended? [PLAINTIFF]: It added issues . . . and confirmed all the remainder. . . . THE COURT: [The amended notice] did not eliminate anything? [PLAINTIFF]: No . . . . It just reaffirmed it. . . ."). Plaintiff, however, also agreed the parties conducted the 7 June 2023 deposition without having conferred after plaintiff's 1 June 2023 Amended Notice. Tr. 118:5–8 ("THE COURT: So you did not meet and confer . . . after the notice was amended? [PLAINTIFF]: No, Your Honor."). Plaintiff argued "the government placed the UDRI report at issue" by referring to the report in filings and communications yet failing to produce a deponent prepared to testify on the report. Tr. at 123:11–24. The government asserted the parties' disagreements amount to good faith oversights and a mutual misunderstanding regarding the definition of "testing procedures." *See* Tr. 124:2–133:22.

While admitting courts typically reserve adverse inferences for "extreme situations," plaintiff asserted the government's actions are sanctionable when considering prior statements of the Court encouraging the parties to adopt a broad definition of relevance. Tr. at 134:24–135:6; 135:6–7 ("[PLAINTIFF]: I go back to the conference that we had a long time ago about what was relevant . . . ."); *see* 2022 SC Tr. at 33:7–37:16. Plaintiff could not immediately point to a case granting an adverse inference in factually analogous circumstances. Tr. at 137:17–19 ("[PLAINTIFF]: I don't have [a case] right with me, Your Honor, but I can do some research on that if you want me to.").

Given the mutual mistakes and misunderstandings, the parties agreed to moot the request for sanctions and conduct further depositions, subject to stipulations.[7] Tr. at 156:20–24. Plaintiff is concerned the government will utilize an additional deposition to "change [positions] they're locked into at present." Tr. at 154:5–7. Plaintiff indicated willingness to conduct additional depositions should the government stipulate no further first article testing reports exist

---

[7] The government objected to the Motion to Compel on procedural grounds, but given the Parties' agreement on deposition issues, the Court need not address the government's objection to plaintiff's Motion to Compel on procedural grounds.

regarding UDRI's pallet, and the government's further 30(b)(6) deponents will not contradict Mr. Smith's 7 June 2023 30(b)(6) deposition testimony. Tr. at 154:14–16 ("[PLAINTIFF]: [I]f [the government is] willing to stipulate that [the cited UDRI report] is the report and that there's no[] [other UDRI report], that's fine."), 155:9–11 ("[PLAINTIFF]: [T]o the extent [Mr. Smith] did answer questions, I just don't want [the government] to be able to come back and change them."). The government agreed to these terms. Tr. at 154:21–155:8 ("THE COURT: [Government]? [THE GOVERNMENT]: I don't know of any other first article test report for UDRI. THE COURT: [T]he one that's been submitted is the one that was cited? . . . . In your response . . . or within the letter? [THE GOVERNMENT]: Yes . . . . [PLAINTIFF]: Okay. So we have that. THE COURT: So you got that."), 156:8–24 ("THE COURT: At this point, do you suspect that a second witness would disagree with any of the testimony of Mr. Smith? [THE GOVERNMENT]: No, I think a second witness would only add clarity to what Mr. Smith testified about. . . . THE COURT: Okay. So can we moot the issue and then agree to a second deposition with a second witness? [PLAINTIFF]: On those terms, yes, Your Honor. THE COURT: [Government]? [THE GOVERNMENT]: Yes, Your Honor, thank you.").

The Court finds plaintiff's 13 March 2023 Motion to Compel and 13 June 2023 Motion to Compel moot and memorializes the parties' stipulations as follows: (1) the UDRI report cited in government's response to plaintiff's Motion to Compel and in government's 18 May 2023 letter will be the final report supporting the government's assertion URDI's pallet passed the 2017 first material testing; and (2) any future 30(b)(6) deponents the government designates will not materially contradict the 7 June 2023 deposition testimony of Mr. Chad Smith. The parties will arrange logistics independently.

## IV.   Conclusion

For the foregoing reasons the Court **FINDS MOOT** plaintiff's Motions to Compel, ECF Nos. 40 and 48. The day after the 13 March 2023 Motion to Compel, plaintiff filed a motion for extension of time stating, "[A]n additional [90]-day enlargement of the discovery period is necessary to complete discovery." Mot. for Enlargement of Time at 1, ECF 41. The motion was unopposed so, the Court granted the extension, ECF No. 44. Fact discovery has now closed, so the Court again **MODIFIES** the discovery schedule by an additional 90 days:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Fact discovery closes | 13 July 2023 | 11 October 2023 |
| Expert designation and report deadline | 18 August 2023 | 16 November 2023 |
| Rebuttal designation and report deadline | 15 September 2023 | 14 December 2023 |
| Expert discovery closes | 16 October 2023 | 16 January 2024 |

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge